UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MYRON D. SEGGERMAN,                )
                                   )   No. CV-10-0350-CI
              Plaintiff,           )
                                   )   ORDER DENYING PLAINTIFF'S
v.                                 )   MOTION FOR SUMMARY JUDGMENT
                                   )   AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner    )   MOTION FOR SUMMARY JUDGMENT
of Social Security,                )
                                   )
              Defendant.           )
                                   )
_____

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 23, 25.) Attorney Christopher H. Dellert represents Myron Seggerman (Plaintiff); Special Assistant United States Attorney David R. Johnson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 6.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability benefits (DIB) and Supplemental Security Income (SSI) on October 2, 2007. (Tr. 120.) He alleged disability due to degenerative disc disease that caused pain in his lower back, shoulder, and neck, and numbness in his feet, arm and legs "especially when driving." (Tr. 125.) His alleged onset date is September 24, 2007. (Tr. 120.) Plaintiff's claim was denied initially and on reconsideration, after which he

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

requested a hearing before an administrative law judge (ALJ). A video hearing was held in Wenatchee, Washington, on October 19, 2009, at which Plaintiff, who was represented by counsel, and vocational expert Daniel R. McKinney, Sr., (VE) testified. (Tr. 8.) ALJ Barbara Artuso from Matairie, Louisiana, presided. (Tr. 24.) She denied benefits on January 28, 2010, and the Appeals Council denied review. (Tr. 8-15, 1-3.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 48 years old, single, and living by himself in a one-story house. (Tr. 29, 31.) He testified he attended school up to the 11th grade, obtained a high school equivalency degree, and attended a year of college for heating and air conditioning training. (Tr. 41.) Plaintiff has past work experience as a heating and air conditioning installer and technician, a pipefitter, a plumbing installer, and as an adult care-giver. (Tr. 42, 126.) His longest employment was as a care-giver. (Tr. 126.) He testified had not worked since that job ended in September 2007, when the patient died. (Tr. 30, 126.)

Plaintiff testified he could no longer work due to numbness in his arms, legs, hands, feet and spasms in his back. He stated he could not sit, stand, or walk for longer than 25 minutes and was limited to lifting no more than 10 pounds. (Tr. 35.) He also testified his hands go numb all the time and his legs are numb. (Tr. 36-37.) He also stated he is taking pain medication every six hours

in the form of Vicodin.  (Tr. 38.)  Plaintiff explained he is not considering back surgery because his treating physician did not think it would fix his problem.  (Tr. 40)

**ADMINISTRATIVE DECISION**

ALJ Artuso found Plaintiff's date of last insured for DIB purposes was December 31, 2011.  (Tr. 8.)  At step one, she found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Tr. 10.)  At step two, she found Plaintiff had severe impairments of "disorders of the spine, plantar fascitis [sic], right elbow epicondylitis, and obesity." (*Id.*)  At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings).  (Tr. 11.)  In her step four findings, the ALJ found Plaintiff's statements regarding pain and limitations were credible "only to the extent they are consistent" with the RFC findings. (Tr. 11-12.)  She adopted the opinion of Plaintiff's treating physician and found Plaintiff retained the RFC to perform sedentary work with the following limitations: "he needs to be able to alternate from sitting to standing for five minutes per hour, can only occasionally push and pull and can handle and finger frequently, but not constantly."  (Tr. 11, 13.)  Based on the RFC and vocational expert testimony, ALJ Artuso found Plaintiff could not perform his past relevant work.  (Tr. 13.)  Proceeding to step five, she determined Plaintiff could perform other unskilled sedentary work in the national economy; thus, Plaintiff was determined "not disabled" as defined by the Social Security Act from

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

1   September 24, 2007, through the date of her decision.  (Tr. 27.)

2                          **STANDARD OF REVIEW**

3       In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

4   court set out the standard of review:

5           A district court's order upholding the Commissioner's
        denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
6       211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
        Commissioner may be reversed only if it is not supported
7       by substantial evidence or if it is based on legal error.
        *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
8       Substantial evidence is defined as being more than a mere
        scintilla, but less than a preponderance.  *Id.* at 1098.
9       Put another way, substantial evidence is such relevant
        evidence as a reasonable mind might accept as adequate to
10      support a conclusion.  *Richardson v. Perales*, 402 U.S.
        389, 401 (1971).  If the evidence is susceptible to more
11      than one rational interpretation, the court may not
        substitute its judgment for that of the Commissioner.
12      *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
        Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

13
            The ALJ is responsible for determining credibility,
14      resolving conflicts in medical testimony, and resolving
        ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
15      Cir. 1995).  The ALJ's determinations of law are reviewed
        *de novo*, although deference is owed to a reasonable
16      construction of the applicable statutes.  *McNatt v. Apfel*,
        201 F.3d 1084, 1087 (9th Cir. 2000).

17

18      It is the role of the trier of fact, not this court, to resolve

19  conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

20  supports more than one rational interpretation, the court may not

21  substitute its judgment for that of the Commissioner.  *Tackett*, 180

22  F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

23  Nevertheless, a decision supported by substantial evidence will

24  still be set aside if the proper legal standards were not applied in

25  weighing the evidence and making the decision.  *Brawner v. Secretary

26  of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If

27  there is substantial evidence to support the administrative

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(i-v), 416.920(a)(4)(i-v).

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues remand is required to allow the ALJ to consider new evidence submitted to district court on appeal. He also contends the ALJ

1  failed to give legally sufficient reasons for discounting his
2  credibility. (ECF No. 24.)  Defendant responds the ALJ's credibility
3  determination is supported by clear and convincing reasons and
4  remand is not required because the new evidence is not material and
5  good cause does not exist for Plaintiff's failure to obtain the new
6  evidence earlier in these proceedings.  (ECF No. 26.)

7                              **DISCUSSION**

8  **A.   Credibility**

9       Plaintiff argues the ALJ did not give the requisite "clear and
10 convincing" reasons for discrediting his testimony. (ECF No. 24 at
11 10-11.)  When an ALJ finds a claimant's statements as to the
12 severity of impairments, pain and limitations are not credible, she
13 must make a credibility determination with findings sufficiently
14 specific to permit the court to conclude claimant's allegations were
15 not arbitrarily discredited. *Thomas v. Barnhart*, 278 F.3d 947, 958-
16 959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th
17 Cir. 1991) (en banc).  If there is no affirmative evidence of
18 malingering, the ALJ must provide "clear and convincing" reasons for
19 rejecting the claimant's allegations regarding the severity of
20 symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

21      The ALJ engages in a two-step analysis in deciding whether to
22 admit a claimant's subjective symptom testimony. *Smolen v. Chater*,
23 80 F.3d 1273, 1281 (9th Cir. 1996).  Under the first step, the ALJ
24 must find the claimant has produced objective medical evidence of an
25 underlying impairment, and that the impairment, or combination of
26 impairments, "could reasonably be expected to produce pain or other
27 symptoms."  *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986).

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

1    Here, the ALJ found Plaintiff's impairments could reasonably be
2    expected to cause the alleged symptoms.   Thus, the first prong of
3    the *Cotton* test was met.   (Tr. 13.)

4         Under the second prong, the ALJ must evaluate the credibility
5    of the claimant. *Cotton*, supra.   As noted by the Ninth Circuit, in
6    disability proceedings,

7         [An adjudicator] cannot be required to believe every
          allegation of disabling pain, or else disability benefits
8         would be available for the asking, a result plainly
          contrary to 42 U.S.C. § 423 (d)(5)(A). . . . This holds
9         true even where the claimant introduces medical evidence
          showing that he has an ailment reasonably expected to
10        produce some pain; many medical conditions produce pain
          not severe enough to preclude gainful employment.
11

12   *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).   In making a
13   credibility determination, the ALJ does not need to totally reject
14   or accept a claimant's statements.   Rather, after considering all
15   the evidence in the record, the ALJ may find the claimant's
16   statements regarding limitations, symptoms, and pain are credible
17   "to a certain degree." *SSR* 96-7p.

18        The ALJ may consider at least the following factors: the
19   claimant's reputation for truthfulness; inconsistencies either in
20   her allegations of limitations or between his statements and
21   conduct; daily activities and work record; and testimony from
22   physicians and third parties concerning the nature, severity, and
23   effect of the alleged symptoms.   *Light v. Social Sec. Admin.*, 119
24   F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d 597, 604 n.5.   The ALJ
25   may also consider an unexplained failure to follow treatment
26   recommendations and testimony by the claimant "that appears less
27   than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir.
28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

2008).  The amount of treatment sought is an indicator of intensity and persistence of symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Although an adjudicator may not reject a claimant's extreme symptom complaints solely on a lack of objective medical evidence, medical evidence is a relevant factor to consider. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Social Security Ruling* (*SSR*) 96-7p. If the ALJ's credibility findings are supported by substantial evidence and free of legal error, "the court may not engage in second-guessing," and the Commissioner's determination will not be disturbed. *Thomas,* 278 F.3d at 959; *Fair*, 885 F.2d at 604; *see also Morgan*, 169 F.3d 595, 599 (credibility findings "are functions solely of the ALJ").

Here, the ALJ did not reject totally Plaintiff's subjective complaints. Consistent with the governing legal standards, the ALJ summarized Plaintiff's testimony and gave specific, permissible reasons for discounting to a certain degree Plaintiff's allegations, and found Plaintiff was restricted to jobs at the sedentary exertional level. (Tr. 11-13.) As noted by Plaintiff, the ALJ found objective medical evidence did not support the level of impairment alleged, and no physician opined Plaintiff was incapable of work. (ECF No. 24 at 10.) These are permissible reasons to discount allegations of disabling pain. *Burch*, 400 F.3d at 681; *Osenbrock v. Apfel*, 240 F.3d 1157, 1165, 1166 (9th cir. 2001) (evidence that claimant's doctor released claimant to light work supports rejection of severe symptom testimony).

*De novo* review shows these reasons are supported by the record. Specifically, the ALJ found Plaintiff's treatment history and MRI reports, showing mild degenerative disc disease, mild degenerative

joint disease, small disc herniation, and no confirmed nerve root compression, did not support a finding of disabling pain. (Tr. 11.) In addition to the lack of objective medical evidence to support a finding of disabling pain, the ALJ properly identified other "clear and convincing" reasons for his credibility findings. (Tr. 11-13.) She referenced evidence of significant lapses of treatment (two years in 2007 and one full year in 2008). (Tr. 12.) Evidence of a sporadic treatment record undermines claims of disabling pain. *Burch*, 400 F.3d at 681 (degree of treatment sought is "powerful evidence" of degree of pain experienced).

The ALJ also considered Plaintiff's activities of daily living. (Tr. 12, 13.) For example, Plaintiff reported moving a wood stove, the ability to do housework, maintain a wood pellet stove, cook, shop for groceries, go out to lunch, and visit friends. The ALJ properly found these activities inconsistent with allegations of disabling pain. (Tr. 11.) Because the ability to perform physical activities required by these daily activities is transferrable to work-related activities, the ALJ did not err in considering this factor in her credibility determination. *Burch*, 400 F.3d at 681.

Significantly, the ALJ found that Plaintiff's treating physician, Rick Welton, M.D., opined Plaintiff could perform sedentary work. (Tr. 13, 242.) This is a "clear and convincing reason" to discount Plaintiff's claim that he could not perform any level of work. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)(more weight given treating physician opinions due to longitudinal perspective). Further, Plaintiff's contention that Dr. Welton should have consulted the Medical-Vocational guidelines prior to

giving his medical opinion is without merit. (ECF No. 24 at 12.) There is no legal requirement that a medical source consider Medical Vocation Guidelines in rendering a medical opinion regarding limitations caused by a patient's impairments. *See* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)(medical opinions reflect acceptable medical source "judgments about the nature and severity of your impairments . . . including what you can still do despite impairment(s), and your physical and mental restrictions"). The ALJ properly gave Dr. Welton's opinion great weight in the sequential evaluation. (Tr. 13.)

Plaintiff also contends the ALJ erred in concluding Plaintiff's refusal to have back surgery was a failure to follow treatment recommendations. (ECF No. 24 at 11, *citing* Tr. 13.) Even if this were the case, one erroneous reason for discounting a claimant's testimony is not fatal where, as here, numerous specific, permissible reasons are articulated and supported by substantial evidence. *Carmickle*, 533 F.3d at 1164. However, on review, it appears the ALJ noted Plaintiff was "determined a viable surgical candidate but declined to undergo surgery." (Tr. 13.) This was in the context of finding that, in November 2008, Dr. Welton opined even if sciatica surgery would not improve Plaintiff's motivation to work, Plaintiff retained the ability to perform sedentary work. (Tr. 13, 243-44.) Further, the ALJ permissibly found that Plaintiff's failure to follow through with other conservative treatment (physical therapy) "raises questions regarding [Plaintiff's] overall motivation for improvement." (Tr. 13.) The record shows Plaintiff's providers recommended physical therapy

beginning in 2004. However, Plaintiff presents no evidence that he attempted to resolve his problems with a consistent approach to the recommended treatment. (Tr. 182, 185, 229, 236-37.) The ALJ rationally interpreted the medical records to find Plaintiff's failure to seek appropriate medical treatment for the alleged severe impairments reflects adversely on his credibility. *Tommasetti*, 533 F.3d at 1039.

The ALJ articulated specific, "clear and convincing" reasons that are supported by the record in determining Plaintiff's allegations were not credible to the extent they were inconsistent with his ability to perform sedentary work. Because the findings reflect a rational interpretation of the record in its entirety, the ALJ's credibility determination may not be disturbed. *Thomas,* 278 F.3d at 959.

**B.   New Evidence Submitted to District Court**

On appeal to district court, Plaintiff submitted five pages of medical evidence consisting of clinic notes and radiology results dated between May 18, 2010, and July 28, 2010. (ECF No. 24, Exhibit A.) This evidence was not reviewed by the ALJ or the Appeals Council. Plaintiff argues that a remand is necessary to allow the ALJ to consider the new evidence. (ECF No. 24 at 7-10.)

There are two types of new evidence: (1) evidence that was not before the ALJ, but was submitted to and considered by the Appeals Council; and (2) evidence that is not part of the administrative record, but was provided for the first time to this court (sentence six new evidence). The evidence at issue here is the second type. To justify a remand for consideration of this evidence, Plaintiff

must show that the new evidence is "material" and that there is "good cause" for his failure to include the evidence include such evidence into the record during the administrative proceedings. 42 U.S.C. § 405(g)(sentence six);[1] *see also Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Mayes v. Massanari*, 276 F.3d 453, 462 (2001); *Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984).

**1.  Materiality**

New evidence is material if it bears "directly and substantially on the matter in dispute" and there is a "reasonable possibility" that it would have changed the outcome of the administrative decision. *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990); *Mayes*, 276 F.3d at 462; *Booz v. Secretary of Health and Human Serv.*, 734 F.2d 1378, 1381 (9th Cir. 1984).

The new evidence submitted by Plaintiff consists of a May 18, 2010, clinic note from Dr. Welton and a three sentence letter signed

---

[1]  Sentence six of 42 U.S.C. § 405(g) states:

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

by Shannon Grosdidier, M.D., stating Plaintiff's "neck MRI looks good but you do have carpal tunnel syndrome." (ECF No. 24, Exhibit A.) Attached to Dr. Grosdidier's letter is a two-page nerve conduction study dated June 22, 2010. Plaintiff makes no argument that Dr. Welton's post-hearing clinic note is material.

Dr. Grosdidier's diagnosis of carpal tunnel syndrome is based on nerve conduction impressions of "moderate right median mononeuropathy across the wrist" and "mild to moderate left median mononeuropathy across the wrist." *Id*. Plaintiff argues the diagnosis and study are material to a finding that he cannot perform sedentary work.[2] However, this argument is unpersuasive because the new evidence establishes a new diagnosis outside the claimed period of disability. Further, even if this evidence established a new diagnoses during the relevant period, there is no reasonable possibility that the evidence will change the outcome of the administrative proceedings. *Booz,* 734 F.2d at 1380.

Plaintiff avers he had "ongoing complaints" of hand numbness, and the new evidence provides a diagnosis to explain the complaints.

---

[2]"Sedentary work" involves:

 lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files and small tools. Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out the job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

*SSR* 83-10. Good use of the hands and fingers for repetitive hand-finger actions is required generally in unskilled sedentary jobs. *Id*.

(ECF No. 24).  However, he fails to cite to any objective medical evidence in which a medical provider observed significant hand numbness, described objective medical evidence of decreased mobility, or noted severe limitations in handling and/or fingering. Although the record shows Plaintiff reported a history of hand numbness to medical personnel during the claimed period of disability (Tr. 195, 228), medical records show he was mainly seeking treatment for back pain and numbness and tingling in his lower extremities.  In addition, Plaintiff testified his hands were numb "all the time." (Tr. 36.)  However, as discussed above, the ALJ properly discounted Plaintiff's testimony, noting activities performed by Plaintiff that are inconsistent with his allegation of constant hand numbness.

For example, as found by the ALJ, the record shows Plaintiff reported chopping wood in February 2007, when he was seeking treatment at the Family Chiropractic Clinic for chronic neck pain. At intake, he indicated he had "constant" hand numbness. (Tr. 193.) However, there are no medical records indicating these complaints were observed, verified, or treated. (*See* Tr. 189-201.)  Rather, the medical reports from the chiropractor indicate seven sessions of treatment in 2007 for neck, low back, and foot pain.  (Tr. 190.) Clinic notes from the Omak Clinic indicate Plaintiff was seen for an agency physical in April 2008. (Tr. 228.)  During examination, Plaintiff complained mainly of back pain, but also indicated he had had hand and arm numbness since the 1980's.  He reported he could not lift due to neck, back and elbow pain, but did not reference hand numbness as causing problems.  The medical provider assessed

low back pain, cervical radiculopathy, and right elbow epicondylitis. Contrary to Plaintiff's self-report, the examining provider noted specifically that Plaintiff was able to perform "rapid alternating hand movements." (Tr. 228.) Physical therapy was recommended for back, neck, and right elbow problems. (Tr. 229.)

In May 2008, Plaintiff established care with Dr. Welton and sought treatment for back pain and numbness of the right thigh. (Tr. 249.) Plaintiff reported splitting and stacking wood over the winter, but did not complain of hand weakness or numbness. Rather, he requested medical marijuana for his back pain. (Tr. 249.) Clinic notes through January 8, 2009, do not reflect problems with or complaints of hand numbness. (Tr. 246-49.) Significantly, Dr. Welton did not indicate limitations in handling in his physical evaluations. (Tr. 242, 252, 255.)

Clinic notes from the North Valley Family Medicine indicate Plaintiff was treated in October 2008, after injuring his back while moving a wood stove. (Tr. 234.) He reported his back pain had been somewhat resolved prior to that time, and made no mention of hand numbness. The treating physician assessed left leg numbness and possible nerve impingement of the lower back. (Tr. 234-36.)

Because there is no evidence of significant handling/fingering limitations in a medical setting during the relevant period, Plaintiff fails to show that Dr. Grosdidier's post-hearing diagnosis bears "directly and substantially" on Plaintiff's limitations in performing work related activities during the claimed period of disability. *See Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir.

2001)(different medical evidence for a different time period did not meet "materiality" prong under 42 U.S.C. § 405(g)); *Ward v. Schweiker*, 686 F.2d 762, 765 (9th Cir. 1982)(post-hearing evidence of deterioration of a condition does not satisfy materiality requirement).

Plaintiff fails to indicate how the new evidence could reasonably change the outcome of the administrative decision. As discussed above, the ALJ properly discounted Plaintiff's symptom allegations, and despite a lack of formal diagnosis, the ALJ credited Plaintiff's subjective complaints of hand numbness to the extent clinic notes discussed above supported limitations. She reasonably limited handling and fingering activities to "frequently," but not constantly. (Tr. 11.) Based on this non-exertional limitation to sedentary work, the VE testified there were other jobs that Plaintiff could perform. (Tr. 44-45.) Plaintiff makes no showing that a formal diagnosis of carpal tunnel syndrome, several months after the denial of benefits, could reasonably change the limitations in handling and fingering identified by the ALJ. Because Plaintiff has failed to show the new evidence is material, a sentence six remand is not appropriate. If Plaintiff's hand condition worsened significantly after he was found not disabled during the relevant period, the later evidence could form the basis for a new claim. *Ward*, 686 F.2d at 766.

**2.   Good Cause**

To demonstrate good cause, a claimant must show the new evidence was not available or in existence at the time of the administrative proceedings. *Mayes*, 276 F.3d at 462-63. This

requirement is not met by seeking more favorable evidence after benefits are denied. *Id.* (no good cause shown where claimant complained of back problems during hearing but did not pursue a diagnosis or treatment during claimed period of disability); *cf., Wainwright v. Secretary of Health and Human Services,* 939 F.2d 680, (9th Cir. 1991)(new medical evidence available due to improvements in technology meets good cause standard).

Here, the administrative record shows the ALJ denied benefits on January 28, 2010; Plaintiff requested review by the Appeals Council on March 4, 2010; and the Appeals Council denied review on August 10, 2010. (Tr. 1-6.)  Plaintiff gives no reason for his failure to obtain and submit these routine reports during the claimed period of disability.  Rather, he avers that Dr. Grosdidier's report was generated after the ALJ denied benefits but before the Appeals Council sent notice that it declined review on August 10, 2010.  Plaintiff contends this created "a narrow good cause window."  (ECF No. 24 at 9.) He also asserts the significance of the new evidence "would not have been clear until an attorney reviewed all of the evidence together." *Id.*  However, this reasoning neither explains why medical records during the relevant period do not document hand or fingering limitations, nor why Plaintiff did not complain consistently of hand numbness prior to the denial of benefits.  As was the case in *Mayes*, Plaintiff fails to show adequate good cause for his failure to obtain and present this evidence during the administrative proceedings.

## CONCLUSION

The ALJ's detailed credibility findings are "clear and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

1   convincing." New evidence presented to the district court is not
2   material to the relevant period, and no good cause has been shown to
3   explain why the proffered evidence was not sought and presented
4   during the claimed period of disability prior to the ALJ's decision.
5   Accordingly,

6       **IT IS ORDERED:**

7       1.   Plaintiff's Motion for Summary Judgment **(ECF No. 23)** is
8   **DENIED;**

9       2.   Defendant's Motion for Summary Judgment **(ECF No. 25)** is
10  **GRANTED;**

11      The District Court Executive is directed to file this Order and
12  provide a copy to counsel for Plaintiff and Defendant. Judgment
13  shall be entered for Defendant, and the file shall be **CLOSED.**

14      DATED April 9, 2012.

15

16                  _____S/ CYNTHIA IMBROGNO_____
17                  UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 18